UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JUAN OSBORNO, an individual doing business as CalMex Produce,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SAMUEL W. FONG, an individual doing business 32nd and Noriega Produce and Clement Produce, and DOES 1 to 10,<br><br>　　　　　Defendants. | Case No: C 11-0302 SBA<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |

Plaintiff Juan Osorno dba CalMex Produce ("Plaintiff") filed this action under the Perishable Agriculture Commodities Act ("PACA"), 7 U.S.C. § 499a, et seq., to enforce his right to payments due for perishable agricultural products purchased by Defendant Samuel Fong dba 32nd and Noriega Product and Clement Produce ("Defendant"). The parties are presently before the Court on Plaintiff's ex parte motion for a temporary restraining order ("TRO"). Dkt. 3. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.     BACKGROUND**

Plaintiff is in the business of buying and selling wholesale quantities of perishable agricultural commodities. Compl. ¶ 2. Beginning in 2000, Plaintiff began selling produce to Defendant on an "on and off" basis for each of his two retail locations. Osorno Decl. ¶ 4. According to Plaintiff, as of January 18, 2011, Defendant owes a past due amount of $45,091 for produce purchased from Plaintiff. Id. ¶ 6. As evidentiary support, Plaintiff has

submitted a declaration, attached to which is a two-page summary "of the customer balance sheets for each of the two locations that purchased produce from Plaintiff." Osorno Decl. ¶ 6 & Ex. A. The first page of the summary shows that Defendant has owed $32,814 since November 1, 2008. Osorno Decl. Ex. A. The second page of the summary indicates an outstanding balance of $12,227, which apparently has been due since December 6, 2010. Id.

The record does not indicate what payments, if any, Defendant has made to Plaintiff. However, Plaintiff claims that on October 20, 2010, Defendant issued a check for $670 for produce purchased that day. Id. ¶ 11. The check was returned for insufficient funds. Id. Defendant also issued a check to Plaintiff for $1305 on October 22, 2010, and a check for $829.00 on November 1, 2010. Id. When Plaintiff inquired whether these checks would clear, Defendant allegedly responded "no." Id. Plaintiff has spoken to Defendant regarding his past due balance, but Defendant has responded that he has no money. Id. ¶ 12. In addition, Defendant purportedly stated to Plaintiff that he plans to sell his business and would try to pay him from the sale proceeds. Id.[1] Plaintiff is concerned that based on Defendant's representations regarding his lack of funds and the need to sell his business, Defendant has not been preserving PACA trust assets in an amount to bring his account current. Id. Thus, on or about January 6, 2011, Plaintiff's attorney mailed a Notice of Intent to Preserve Trust Benefits to Defendant, stating that he owed a past due balance of $45,091. Id. Ex. B.

On January 20, 2011, Plaintiff filed the instant action, along with an Ex Parte Motion for Temporary Restraining Order and Motion for Preliminary Injunction, requesting that Defendant be enjoined from dissipating trust assets in the sum of $45,091. Plaintiff has not provided notice of the TRO request, but has filed a Certification of Counsel As to Why Notice is Not Required Pursuant to Rule 65(b) ("Certification"). Dkt. 6. In this Certification, Plaintiff's counsel asserts that "advising Defendant of the pendency of this

---

[1] Plaintiff does not specify when his discussion with Defendant took place.

1 Motion will allow Defendant the opportunity to make payments on non-trust debts in order
2 to avoid personal liabilities, e.g., criminal liability for failure to pay taxes or other civil
3 liabilities." Id. at 2.

**II.    LEGAL STANDARD**

The standard for a TRO is the same as for a preliminary injunction. See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001); Lockheed Missile & Space Co. v. Hughes Aircraft, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., ---U.S. ---, 129 S.Ct. 365, 376 (2008). This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id.

A TRO may be issued without notice to the adverse party or its counsel only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1); N.D. Cal. Civ. R. 65-1(b). There are "very few circumstances justifying the issuance of an ex parte TRO." See Reno Air Racing Assoc. Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir.2006). For instance, notice may be excused where it "is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." Id. Or, notice may not be required where providing "notice to the defendant would render fruitless the further prosecution of the action" because the adverse party is likely to destroy evidence. Id.

## III. DISCUSSION

PACA governs the sale of wholesale quantities of produce.  See 7 U.S.C. § 499a, et seq.  To ensure that suppliers of produce are paid, PACA imposes "a trust on the perishable agricultural commodities received by the purchaser, all inventories of food or other products derived therefrom, and receivables or proceeds from the sale of such commodities and products."  Middle Mountain Land and Produce Inc. v. Sound Commodities Inc., 307 F.3d 1220, 1224 (9th Cir. 2002).  The produce buyer must maintain the trust for the benefit of the unpaid suppliers, sellers, or agents who provided the commodities, until full payment has been made.  7 U.S.C. § 449e(c)(2).  Consistent with the spirit and intent of PACA, courts within this District "have granted ex parte TROs upon a clear showing that notice will result in further dissipation of trust assets."  Fresh & Best Produce, Inc. v. Michael F. Wallau Enters., Inc., No. C 10-5109 SBA, 2010 WL 4704040, at *2 (N.D. Cal., Nov. 12, 2010) (collecting cases).  Conversely, some courts have denied TRO requests made without notice where the plaintiff "has not clearly shown that immediate dissipation of trust assets will occur before Defendants can be heard in opposition[.]"  Id.

In the instant case, the Court is not persuaded that the instant case warrants the issuance of a TRO without notice.  According to the balance sheet summaries submitted by Plaintiff, the bulk of Defendant's past due balance (i.e., $32,814) has been outstanding since November 1, 2008.  Plaintiff offers no explanation for his delay of over two years in seeking legal action to enforce his rights under PACA.  See Miller ex rel. NLRB v. Cal. Pac. Med. Ctr., 991 F.2d 536, 544 (9th Cir. 1993) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm.") (internal quotation marks and citation omitted); Lydo Enters. v. City of Las Vegas, 745 F.2d 1211, 1213 (9th Cir. 1984) ("A delay in seeking a preliminary injunction is a factor to be considered in weighing the propriety of relief.").  Nor is the Court persuaded by Plaintiff's conclusory and unsupported allegation that notice of the instant TRO application will result in the further dissipation of trust assets.  See Fresh & Best Produce, 2010 WL 4704040, at *3 n.2 ("Counsel's claim that Defendants may liquidate trust assets to avoid personal liability,

including potential criminal liability for failure to pay taxes, is particularly speculative"). Indeed, Plaintiff appears to have provided Defendant with notice of his intention to seek legal relief under PACA in his January 6, 2011 letter. Osorno Decl. Ex. B. Therefore, it is apparent that Defendant should have been provided with notice of this TRO application as well.

## IV. CONCLUSION

The Court concludes that Plaintiff has failed to make a sufficient showing that a TRO without notice should be issued in the instant action. Nonetheless, the Court will set an expedited briefing schedule on the matter to ensure that Plaintiff's interests under PACA are protected. Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's ex parte motion for a TRO is DENIED.

2. Plaintiff shall immediately serve Defendants with the summons, complaint, and all other documents filed in this case, including this Order. Plaintiff shall effect service on Defendant within three days of the date this Order is filed.

3. The Court will construe Plaintiff's ex parte motion for a TRO as a motion for preliminary injunction. Defendant shall file an opposition to Plaintiff's motion for preliminary injunction by no later than February 3, 2011. Plaintiff may file a reply by no later than February 8, 2011. Defendant is warned that the failure to timely file an opposition to the motion for preliminary injunction will be deemed to be a consent to the granting of the preliminary injunction requested by Plaintiff.

4. A hearing on Plaintiff's motion for preliminary injunction is scheduled for Tuesday, **February 15, 2011, at 1:00 p.m.** in Courtroom 1, 4th floor, United States District Courthouse, 1301 Clay St., 4th Fl., Oakland, CA 94612. In accordance with Civil Local Rule 7-1(b), the Court may resolve the motion without a hearing. The parties are advised to check the Court's website to determine whether an appearance on the motion is required.

IT IS SO ORDERED.

Dated:  January 25, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge