UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JUAN OSBORNO, an individual doing business as CalMex Produce,<br><br>Plaintiff,<br><br>vs.<br><br>SAMUEL W. FONG, an individual doing business 32nd and Noriega Produce and Clement Produce, and DOES 1 to 10,<br><br>Defendants. | Case No:  C 11-0302 SBA<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Dkt. 3, 12 |

Plaintiff Juan Osborno ("Plaintiff") brings the instant action under the Perishable Agriculture Commodities Act ("PACA"), 7 U.S.C. § 499a, et seq., to recover $45,091 from Defendant Samuel Fong ("Defendant" or "Fong") for unpaid perishable produce.  The parties are presently before the Court on Plaintiff's motion for preliminary injunction. Dkt. 3, 12.  Actual notice of the motion was properly provided to Defendant, who has not filed an opposition.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.     BACKGROUND**

On January 20, 2011, Plaintiff filed the instant action, along with an Ex Parte Motion for Temporary Restraining Order and Motion for Preliminary Injunction, requesting that Defendant be enjoined from dissipating trust assets in the sum of $45,091.  On January 26, 2011, the Court denied Plaintiff's request for a temporary restraining order on the ground that Plaintiff had not shown good cause for the issuance of such an order *without*

notice. The Court ordered Plaintiff to serve his complaint and motion papers along with a copy of the Court's January 26, 2011 Order within three days. Dkt. 11. The Order directed to Defendant to file his opposition to Plaintiff's motion for preliminary injunction by no later than February 3, 2011, and "warned that the failure to timely file an opposition to the motion for preliminary injunction will be deemed to be a consent to the granting of the preliminary injunction requested by Plaintiff." Id. at 5. Plaintiff filed a Certificate of Service evidencing that Defendant was personally served with the requisite documents on January 27, 2011. Dkt. 13. To date, the Court has received no opposition to Plaintiff's motion or any other submission by Defendant.[1]

## II. LEGAL STANDARD

To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., ---U.S. ---, 129 S.Ct. 365, 376 (2008). These factors may be evaluated on a sliding scale, such that a preliminary injunction may be issued when plaintiff demonstrates "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff … assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, --- F.3d ---, 2011 WL 208360, at *4 (9th Cir. Jan. 25, 2011).

---

[1] On January 26, 2011, Plaintiff filed a document styled as Plaintiff's Motion for Issuance of Preliminary Injunction and Motion to Consolidate the Trial on the Merits with Hearing on Motion for Preliminary Injunction. Dkt. 12. It is unclear why Plaintiff filed a second request for a preliminary injunction in light of the Court's Order of January 26, 2011, which expressly stated that the Court was construing Plaintiff's ex parte motion for a TRO as motion for preliminary injunction. 1/26/11 Order at 5. With respect to Plaintiff's ancillary request to consolidate the hearing on the motion for preliminary injunction with the trial on the merits, such request fails to provide the requisite 35-day notice required by Civil Local Rule 7-2(a). Therefore, Plaintiff's request to consolidate is DENIED. To the extent Defendant fails to respond to the Complaint, Plaintiff may seek to have the Clerk enter default against Defendant, and thereafter file a motion for default judgment. See Fed. R. Civ. P. 55.

### III. DISCUSSION

PACA governs the sale of wholesale quantities of produce. See 7 U.S.C. § 499a, et seq. To ensure that suppliers of produce are paid, PACA imposes "a trust on the perishable agricultural commodities received by the purchaser, all inventories of food or other products derived therefrom, and receivables or proceeds from the sale of such commodities and products." Middle Mountain Land and Produce Inc. v. Sound Commodities Inc., 307 F.3d 1220, 1224 (9th Cir. 2002). The produce buyer must maintain the trust for the benefit of the unpaid suppliers, sellers, or agents who provided the commodities, until full payment has been made. 7 U.S.C. § 449e(c)(2). Upon an appropriate showing, the Court may enter a preliminary injunction and freeze the PACA trust assets held in trust by the defendant and prevent payment of these assets to anyone other than the plaintiff. See Inn Foods, Inc. v. Fong, LLC, No. C 07-649 SI, 2007 WL 2769849, at *1 (N.D. Cal. Sept. 21, 2007).

Based upon the pleadings and the supporting declaration of Plaintiff, coupled with the fact that Defendant has not challenged any of Plaintiff's claims, the Court finds that Defendant purchased $45,091 in perishable agricultural commodities in interstate commerce from Plaintiff, that Plaintiff provided Defendant with notice of intent to preserve trust benefits and that Defendant failed to pay Plaintiff for said perishable agricultural commodities in violation of PACA, 7 U.S.C. §499e(c). The Court further finds that Defendant has, in fact, dissipated the PACA trust by failing to maintain sufficient assets to satisfy Plaintiff's PACA trust claims. Finally, the Court finds that there is sufficient evidence of dissipation of assets subject to the PACA trust to warrant the relief granted in this order.

### IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for preliminary injunction is GRANTED.

2. Fong and his agents, officers, subsidiaries, assigns, financial and banking institutions, and all persons in active concert or participation with him or who receive

actual notice of this Order are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without agreement of the parties or until further order of this Court.  Under §499e(c)(2) of PACA, the assets subject to this order include all of the assets of Fong, including but not limited to, any and all bank accounts at any and all financial institutions, unless the Fong can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products.

2. Plaintiff shall not be required to give security in view of the fact that Fong holds $45,091.00 of PACA trust assets that belong to Plaintiff, and that this Order merely requires said Defendant to obey the requirements of PACA.

3. Within 48 hours of the entry of this Order, Fong shall assign all of his accounts receivable to Plaintiff for the benefit of the PACA trust and deposit and/or deliver complete accounts, records and information of all of his accounts receivable to Plaintiff's counsel, provided that those accounts receivable being collected by Plaintiff's counsel are for the benefit of the PACA trust.

4. Fong shall endorse any checks made, endorsed or paid to him which are trust assets and which are in his possession or obtainable by him at the time of the entry of this Order, or which he obtains or which become obtainable by him after entry of this Order, and deliver them, within 48 hours of receipt, to Plaintiff's counsel to be held in trust pending further determination by this Court as to the distribution of those funds.

5. Defendant Fong shall use his best efforts to cooperate with Plaintiff in any action which Plaintiff or his counsel may be required to take in collecting the accounts receivable or other trust assets, including any action at law or equity.

6. Immediately after the entry of this Order, Fong shall grant Plaintiff and his counsel, agents or employees, full, complete and continuing access to all of the books and records of Fong, which shall include but not be limited to tax returns, accounts, invoices,

ledgers, computer runs, bank statements and canceled checks relating to Fong for the purpose of verifying the accounting as ordered by this Court.

      7.    This Order shall be binding upon Fong, and his officers, agents, servants, employees, banking and financial institutions, attorneys and/or all other persons acting in concert or participating with him who receive actual notice of this Order.

      8.    This Order shall continue in full force and effect pending further Order of this Court.

      9.    The hearing on Plaintiff's motion for preliminary injunction scheduled for Tuesday, February 15, 2011, at 1:00 p.m. is VACATED.

      10.    Plaintiff's request to consolidate the hearing on the motion for preliminary injunction with the trial on the merits is DENIED.

      11.    This Order terminates Docket 12.

IT IS SO ORDERED.

Dated: February 9, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge